# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

RECEIVED

FEB 17 2026

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

Case No. 3:26-cv-00076-ACP

*(to be filled in by the Clerk's Office)*

Tyler Arthur De Santis

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

"See Attached"

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Case 3:26-cv-00076-ACP-MMS    Document 1    Filed 02/17/26    Page 1 of 35

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name      *Tyler Arthur De Santis*

All other names by which
you have been known:      *N/A*

ID Number      *65506-510*

Current Institution      *Federal Correctional Institution,*

Address      *Victorville Medium #1, P.O. Box 3725*

*Adelanto*      *CA*      *92301*

     City      State      Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name      *Alice Curci,*

Job or Title *(if known)*      *State of Alaska District Attorney*

Shield Number      *N/A*

Employer      *State of Alaska*

Address      *310 K Street, Suite 520*

*Anchorage*      *AK*      *99501*

     City      State      Zip Code

☑ Individual capacity      ☑ Official capacity

Defendant No. 2

Name      *Travis C. Atkinson*

Job or Title *(if known)*      *State of Alaska District Attorney*

Shield Number      *N/A*

Employer      *State of Alaska*

Address      *310 K Street, Suite 520*

*Anchorage*      *AK*      *99501*

     City      State      Zip Code

☑ Individual capacity      ☑ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Shield Number

Employer

Address

John Joseph Zelinsky, Jr.

Public Defender

N/A

Dresner Zelinsky, LLC

1016 West 6th Avenue, Suite 306

Anchorage     AK     99501

      *City*       *State*       *Zip Code*

☑ Individual capacity     ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

State of Alaska

State of Alaska

N/A

N/A

550 West 7th Avenue, Suite 1970

Anchorage     AK     99501

      *City*       *State*       *Zip Code*

☐ Individual capacity     ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

     ☑ Federal officials (a *Bivens* claim)

     ☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourth - Unreasonable Search and Seizure / Excessive Force; Fifth - Denial of Due Process; Fourteenth - Deprivation of Property without Due Process, and Due Process; 42 U.S.C. § 1985

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

*Fourth and Fifth Amendments*

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"See Attached"

## III.     Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐     Pretrial detainee

☐     Civilly committed detainee

☐     Immigration detainee

☐     Convicted and sentenced state prisoner

☑     Convicted and sentenced federal prisoner

☐     Other *(explain)*

## IV.     Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

At 420 East 15th Avenue, Unit 2, Anchorage, Alaska, on January 9, 2023, approximately 10 A.m.

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

C.       What date and approximate time did the events giving rise to your claim(s) occur?

*January 9, 2023 at approximately 10:00 am.*

D.       What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*" See Attached "*

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*Ongoing emotional and mental distress, ongoing deprivation of personal property and effects that included Plaintiff's deceased brother, Anthony's ashes, which has caused suicidal thoughts due to humiliation and embarrassment. Defendant's actions led to severe drug use and overdoses, which led to rehabilitation in Recovery Corps. Plaintiff have yet to receive any mental treatment.*

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*Plaintiff request the Court award monetary damages that it deems appropriate in each Defendant's selected capacity. An injunctive relief is requested against several Defendants.*

*" See Attached "*

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.     If you did file a grievance:

1. Where did you file the grievance?

*N/A*

2. What did you claim in your grievance?

*N/A*

3. What was the result, if any?

*N/A*

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

*N/A*

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

*Not Available or Applicable*

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*N/A —*

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*N/A*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)  *N/A*

    Defendant(s)  *N/A*

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    *N/A*

3.  Docket or index number

    *N/A*

4.  Name of Judge assigned to your case

    *N/A*

5.  Approximate date of filing lawsuit

    *N/A*

6.  Is the case still pending?

    ☐ Yes

    ☑ No

    If no, give the approximate date of disposition.

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    *Case dismissed and no appeal*

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) *N/A*

   Defendant(s) *N/A*

2. Court *(if federal court, name the district; if state court, name the county and State)*

   *N/A*

3. Docket or index number

   *N/A*

4. Name of Judge assigned to your case

   *N/A*

5. Approximate date of filing lawsuit

   *N/A*

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition *N/A*

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   *N/A*

Case 3:26-cv-00076-ACP-MMS    Document 1    Filed 02/17/26    Page 10 of 35

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *January 28, 2026*

Signature of Plaintiff    *Tyler De Santis*

Printed Name of Plaintiff    *Tyler Arthur DeSantis*

Prison Identification #    *65506-510*

Prison Address    *Federal Correctional Institution, Victorville Medium #1, P.O. Box 3725, Adelanto     CA     92301*

|  | City | State | Zip Code |
|---|---|---|---|

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# ATTACHMENT

Defendants:

Alice Curci, Travis C. Atkinson, John Joseph Zelinsky Jr., State of Alaska, City of Anchorage, Ramon Dojaque-Fernandez, Drug Enforcement Administration (D.E.A.), Anchorage Police Department/ Task Force Office (APD/TFO), Pretrial Enforcement Division (PED), United States Marshals Fugitive Task Force Office (USM/TFO), Randy Adair (APD/TFO), Officer Nussbaumer (PED), Kolin Wallace (K. Wallace-APD/TFO), Vulcan Towing, and All Unnamed Officers who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations.

## I. The Parties to This Complaint

### B. The Defendant(s)

Defendant No. 5
   Name - City of Anchorage
   Shield Number - N/A
   Employer - N/A
   Address - 632 W. 6th Avenue, Anchorage, AK 99501
   Official Capacity

Defendant No. 6
   Name - Ramon Dojaque-Fernandez
   Shield Number - N/A
   Employer - Drug Enforcement Administration Task
      Force Office
   Address - 1630 East Tudor Rd., Anchorage, AK
      99507
   Individual and Official Capacity

1.

Defendant No. 7
  Name – Drug Enforcement Administration (DEA)
  Shield Number – N/A
  Employer – United States of America
  Address – 1630 East Tudor Rd., Anchorage
       AK 99507
  Official Capacity

Defendant No. 8
  Name – Anchorage Police Department / Task Force
     Office (APD/TFO)
  Shield Number – N/A
  Employer – City of Anchorage
  Address – 716 W 4th Avenue, Anchorage
       AK 99501
  Official Capacity

Defendant No. 9
  Name – Pretrial Enforcement Division (PED)
  Shield Number – N/A
  Employer – State of Alaska
  Address – 619 East Ship Creek Avenue, Suite
      249, Anchorage, AK 99501
  Official Capacity

Defendant No. 10
  Name – United States Marshals Fugitive Task
     Force Office (USM/TFO)
  Shield Number – N/A
  Employer – United States of America
  Address – 222 W. 7th Avenue, Room 189, Mail
     Stop 28, Anchorage, AK 99513
  Official Capacity

Defendant No. 11
  Name - Randy Adair
  Shield Number - N/A
  Employer - Anchorage Police Department / Task
        Force Office (APD / TFO)
  Address - 716 W 4th Avenue, Anchorage,
        AK 99507
  Individual and Official Capacity

Defendant No. 12
  Name - Officer Nussbaumer
  Shield Number - N/A
  Employer - Pretrial Enforcement Division (PED)
  Address - 619 East Ship Creek Avenue, Suite
        249, Anchorage, AK 99501
  Individual and Official Capacity

Defendant No. 13
  Name - Kolin Wallace (K. Wallace)
  Shield Number - N/A
  Employer - Anchorage Police Department / Task
        Force Office (APD / TFO)
  Address - 716 W 4th Avenue, Anchorage,
        AK 99507
  Individual and Official Capacity

Defendant No. 14
  Name - Vulcan Towing
  Shield Number - N/A
  Employer - Vulcan Towing
  Address - 2134 E 88th Avenue, Anchorage,
        AK 99507
  Individual and Official Capacity

Defendant No. 15
   Name- All Unnamed Officers who Engaged in
      the Fourth, Fifth, and Fourteenth
      Constitutional Amendment Violations
Shield Number - N/A
Employer - State of Alaska, City of Anchorage,
      Drug Enforcement Administration (DEA),
      Anchorage Police Department / Task
      Force Office (APD/TFO), Pretrial
      Enforcement Division (PED), United
      States Marshals Fugitive Task Force
      Office (USM/TFO), and Unknown
Address- (State of Alaska) 550 West 7th
      Avenue, Suite 1970, Anchorage AK 99501;
      (City of Anchorage) 632 W. 6th Avenue,
      Anchorage, AK 99501; (DEA) 1630 East
      Tudor Rd., Anchorage, AK 99507; (APD/TFO)
      716 W. 4th Avenue, Anchorage, AK 99501;
      (PED) 619 East Ship Creek Avenue, Suite
      249, Anchorage, AK 99501; (USM/TFO)
      222 W. 7th Avenue, Room 189, Mail Stop
      28, Anchorage, AK 99513; and Unknown.
Individual and Official Capacity


II. Basis for Jurisdiction
   D. (Section 1983, each of the following defendants
      acted under color of state or local law):
      1. At all relevant times, ALL Defendants, including
         but not limited to, unlawfully entered, searched,
         seized property from, and detained Plaintiff
         while he occupied 420 East 15th Avenue, Unit
         2, Anchorage, Alaska, without a warrant, consent,

exigent circumstances, or probable cause. All defendants participated in the seizure of currency, vehicles, personal electronics, business records, and irreplaceable personal effects, including the ashes and personal property of Plaintiff's deceased brother.

2. ALL defendants knew that the original arrest warrant they were all briefed on was specifically for Kevin Sathre, residence documented as 420 East 15th Avenue, Unit 6, Anchorage, Alaska, but chose to disregard the Magistrate's Warrant and unlawfully entered into Plaintiff's Unit 2, particularly after Kevin Sathre was arrested outside of the apartment building.

3. Defendants Kolin Wallace (K. Wallace - APD/TFO), Randy Adair (APD/TFO), Officer Nussbaumer (AED), and All Unnamed Officers who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations, obtained a search warrant for 420 East 15th Avenue, Unit 2, Anchorage, Alaska, after conducting the illegal search and seizure, and these Defendants deliberately omitted material facts from the warrant application that Plaintiff's Unit 2 had already been searched and property seized, while Plaintiff was detained and restricted from leaving or exercising his liberty and privacy.

4. Defendant Vulcan Towing participated in the illegal search and seizure of Plaintiff's vehicles which contained numerous items, including irreplaceable personal effects.

Defendants' direct and proximate unlawful conduct violated Plaintiff's clearly established rights, in which Plaintiff suffered tremendous loss of property, continues to suffer through emotional distress, unlawfully detained, and deprivation of his Fourth and Fourteenth Amendment Rights to be free from unreasonable searches and seizures.

5.

## UNLAWFUL DETENTION AND EXCESSIVE FORCE
(42 U.S.C. § 1983, Fourth and Fourteenth Amendments – Acting Under Color of Law)

1. Plaintiff realleges all preceding paragraphs.

2. Defendants Alice Curci and Travis L. Atkinson unlawfully sought an indictment and detained Plaintiff knowing of the Fourth Amendment violations on May 11, 2023. Plaintiff filed a Motion to Suppress on September 29, 2023, due to the Defendant's unlawful conduct and subsequently, the charges were not dismissed until February 8, 2024. Defendants restrained Plaintiff of his clearly established liberty interest despite the absence of legitimate law enforcement purposes.

3. Defendants Kolin Wallace (K. Wallace-APD/TFO), Randy Adair (APD/TFO), Officer Russbaumer (PEO), Pretrial Enforcement Division (PEO), Anchorage Police Department/Task Force Office (APD/TFO), and All Unnamed Officers who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations detained Plaintiff without probable cause, pointed firearms at him, handcuffed him or condoned it, and restrained his liberty despite the absence of any criminal activity and the subject of the arrest warrant was already in custody. The excessive force all of these Defendants exhibited was in violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

### (Bivens' Claims)

4. Plaintiff incorporates number (3.) above herein for Defendants: Drug Enforcement Administration (DEA), United States Marshals Fugitive Task Force Office, (USM/TFO) and Ramon Dojaque-Fernandez and All

Unnamed Officers Who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations (Federal Agents) acted under color of federal authority while participating in the warrantless entry, detention, search, seizure, use of excessive force (holding Plaintiff at gunpoint with no lawful means in order to obtain a "charger"), invasion of Plaintiff's privacy, deprivation of liberty and property, and failed to intervene in order to prevent the unlawful conduct of other federal officers who knowingly and recklessly violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights.

5. Defendants Drug Enforcement Administration (DEA) and Ramon Dojaque-Fernandez illegally forfeited Plaintiff's U.S. Currency after they seized it without proper turnover authority and conspired with State defendants to circumvent State Court Orders. The United States Marshals Fugitive Task Force Office (USM/TFO) failed to intervene in order to protect Plaintiff's clearly established Fourth, Fifth, and Fourteenth Amendment Rights.

## FABRICATION AND WITHHOLDING OF MATERIAL FACTS
(42 U.S.C. § 1983 - Fourth, Fifth, and Fourteenth Amendments)

1. Plaintiff realleges all preceding paragraphs.
2. Defendants Kolin Wallace (K. Wallace - APD/TFO), Randy Adair (APD/TFO), and Officer Nussbaumer (PED) knowingly withheld material facts from the Magistrate when applying for Search Warrant No. 3 AN-23-135 SW, including that:

A. The residence had already been forcibly entered.
B. Plaintiff and other occupants had been detained at gunpoint.
C. Searches and Seizures had already occurred.

3. Defendants Alice Curci, Travis C. Atkinson, and the State of Alaska pursued criminal charges over four months later on May 11, 2023, despite first hand knowledge of the unconstitutional Fourth Amendment violations, as well as due process violations under the Fifth and Fourteenth Amendments. These Defendants deprived Plaintiff of liberty and property, in addition to other clearly established rights.

4. All Defendants, State and Federal, failed to intervene in order to prevent the unlawful conduct and direct violations of Plaintiff's Fourth, Fifth, and Fourteenth, clearly established Constitutional Amendment Rights, causing Plaintiff to suffer a continued loss of property, emotional distress and unlawful detention. Defendants humiliated Plaintiff instead of protecting his Constitutional Rights.

## CIVIL CONSPIRACY
## (42 U.S.C. §§ 1983 and 1985)

1. Plaintiff realleges all preceding paragraphs.
2. Defendants, all State and Federal, including John Joseph Zelinsky Jr. and Vulcan Towing, acted in concert and agreement to unlawfully search, seize property, and conceal misconduct.
3. Defendants Alice Curci, Travis C. Atkinson, and the State of Alaska unlawfully pursued criminal charges against Plaintiff knowing ~~that his~~ Fourth, Fifth, and Fourteenth Amendment Rights were already violated.
4. Defendants Alice Curci, Travis C. Atkinson, State of Alaska, City of Anchorage, Drug Enforcement Administration (DEA), Ramon Dojaque-Fernandez, Anchorage Police Department / Task Force Office (APD/TFO), and Vulcan Towing retained Plaintiff's property unlawfully in violation of his Fourth, Fifth, and Fourteenth Amendments, rights

that were clearly established while acting under the color of law.

5. All Defendants' overt acts were committed in furtherance of the conspiracy, resulting in constitutional injuries, including but not limited to, unlawful detention, false imprisonment, invasion of privacy, emotional distress and humiliation, deprivation of liberty and property.

## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS
### (Fifth and Fourteenth Amendment)

1. Plaintiff realleges all preceding paragraphs.
2. Defendants Alice Curci, Travis C. Atkinson, State of Alaska, City of Anchorage, Drug Enforcement Administration (DEA), Ramon Dojaque-Fernandez, Anchorage Police Department / Task Force Office (APD/ TFO), and Vulcan Towing refused to return Plaintiff's property despite a valid order from Superior Court Judge Peter R. Ramgren dated September 12, 2024. Defendants' continued retention of property constitutes an ongoing violation of due process.

## AGAINST MUNICIPALITY OF ANCHORAGE
### (42 U.S.C. § 1983 - Monell Claim)

1. Defendant City of Anchorage maintained policies, customs, and practices that were the moving force behind the constitutional violations, including:
A. Tolerating warrantless searches.
B. Failing to train officers on constitutional limits.
C. Failing to discipline officers for unlawful conduct.
D. Permitting joint task-force operations without proper supervision.
These unconstitutional customs and failures to train and

supervise directly caused Plaintiff's injuries.

## LEGAL MALPRACTICE
(Fifth, Sixth, and Fourteenth; 42 U.S.C. § 1983 and 1985)

1. Plaintiff realleges preceding paragraphs in connection with Defendant John Joseph Zelinsky Jr.

2. Defendant John Joseph Zelinsky Jr. failed to provide effective assistance of counsel ensuring that Plaintiff received his personal property back from Defendants City of Anchorage, State of Alaska, and Anchorage Police Department / Task Force Office after the State charges were dismissed for Fourth Amendment violations on February 8, 2024.

3. Defendant John Joseph Zelinsky Jr. willfully, recklessly, and negligently failed to file any Motions to Return Plaintiff's Personal Property, distancing himself from his official duties which caused Plaintiff to suffer emotional distress, embarrassment and humiliation, deprivation of liberty and a continued deprivation of his personal property, including his deceased brother's ashes, in addition to other constitutional injuries not properly addressed.

4. Defendant John Joseph Zelinsky Jr. willfully, recklessly, and negligently disregarded his access to Plaintiff's discovery documents and Plaintiff's business ledger and tax documents that were in Defendants Anchorage Police Department / Task Force Office and City of Anchorage custody, which would have revealed that Plaintiff's U.S. Currency and other property derived from legitimate means and had no connection

to illegal activities.

5. Defendant John Joseph Zelinsky Jr.'s egregious conduct condoned willfully, recklessly, and negligently the Civil Conspiracy of the other Defendants mentioned in the preceding Civil Conspiracy Claim, which violated Plaintiff's clearly established rights. Defendants continue to deprive Plaintiff of his personal property, most irreplaceable, even after Superior Court Judge Peter R. Ramgren issued an Order against the State of Alaska to return the property, in which Plaintiff had to independently file Defendant's Motion to Return Seized Property.

6. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered, and continues to suffer, deprivation of property, emotional distress, embarrassment and humiliation, and other constitutional injuries.

## IV. Statement of Claim

### D. (UNREASONABLE SEARCHES and SEIZURES) –

On January 9, 2023, at approximately 10 A.M., Defendants Anchorage Police Department / Task Force Office (APD/TFO), Pretrial Enforcement Division (PED), Randy Adair (APD/TFO), Officer Nussbaumer (PED), Kolin Wallace (K. Wallace - APD/TFO), All Unnamed Officers Who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations and Vulcan Towing conducted an **arrest** warrant service at 420 E. 15th Avenue, Anchorage, Alaska. Defendants were looking for suspect Kevin Sathre who was the subject of a federal arrest warrant for violating terms of his federal supervised release. Sathre was also subject to conditions of pretrial release from charges by the State of Alaska in Case No. 3AN-20-00643CR. Sathre reported to his probation officer and Pretrial Enforcement Division (PED) a residence of 420 E. 15th Avenue, Unit #6.

On arrival Defendants established a perimeter around 420 E. 15th Avenue. Defendant Nussbaumer (PED) advised all other law enforcement that Sathre's GPS was consistently on the west side of the building which consists of Units 2, 4, and 6. Defendants made initial contact at apartment #6 and its residents who were present identified Sathre by photograph and advised that Sathre actually lived in apartment #2, Plaintiff's apartment he shared with his roommate Hailey Wittner-Dowell ("Dowell").

Defendant Nussbaumer contacted Sathre via cell phone and notified him that they were there at his residence with an arrest warrant. Sathre was subsequently arrested on the outside of the building.

Defendant Nussbaumer (PED) and numerous other law enforcement officers assumed Sathre came out of Unit 2 and approached Dowell, who was standing at the door's threshold, and informed her that they needed to recover the GPS location monitoring equipment. Dowell blocked the door and called out to Brandon Knight to bring the device to her. Defendants Nussbaumer (PED), Kolin Wallace (K. Wallace - APD/ TFO), and all State and Federal Defendants, except Alice Curi, Travis C. Atkinson, John Joseph Zelinsky Jr., and Vulcan Towing forcibly grabbed Dowell and placed her in custody because they wanted to enter Unit 2 to retrieve the GPS device themselves. Knight was ordered to come out of the apartment and Defendants yelled commands inside the apartment for everyone to come out, in which Plaintiff and Kaytreana Green came out of the furthest bedroom from the north door. Plaintiff and Green had numerous guns pointed at them by the Defendants and was subsequently grabbed, handcuffed, and detained in the common area of the apartment building where numerous onlookers gathered and watched. Plaintiff, Dowell, and Green were prevented from moving or speaking. Defendants subsequently did a sweep inside

Plaintiff's residence, Unit 2, and confirmed no one was inside, which Defendants kicked in Plaintiff's door to his room, causing severe damage. Defendants Nussbaumer (PEO) and Kolin Wallace (K. Wallace-APD/TFO) began searching for the GPS device while remaining Defendants conducted an unlawful search and seizure.

Defendant Kolin Wallace (K. Wallace-APD/TFO) observed that Plaintiff's bedroom door had been breached by other Defendants so he applied for a State search warrant after consulting with Defendant Randy Adair (APD/TFO), who was acting in a supervisory position, for 420 E. 15th Avenue, Unit #2, Anchorage, Alaska. The State search warrant was granted, No. 3AN-23-135 SW but none of the Defendants informed the Magistrate that Defendants had entered, searched and seized evidence prior to obtaining the warrant. Defendants knew the State search warrant was obtained based on misleading material and critical omissions and continued to violate Plaintiff's Fourth, Fifth, and Fourteenth Amendments and clearly established rights. All evidence seized were transported and logged in the Anchorage Police Department Evidence section.

Defendant Vulcan Towing entered, searched, and seized Plaintiff's three vehicles, 1998 Toyota Tacoma, 1998 Subaru Impreza, and a 2000 Subaru Impreza, in addition to other priceless and irreplaceable items that were inside of the vehicles that belonged to Anthony De Santis, Plaintiff's deceased brother, with no legal standing.

Defendants conducted an unreasonable entry, search, and seizure that deprived Plaintiff of the following, but not limited to: $49,906.00 ($46,609.00 belonged to Plaintiff which was originally seized by the State of Alaska and unlawfully transferred to the United States through it Drug Enforcement Administration (DEA)); $15,100.00 (seized by the State of Alaska); 1998 Toyota Tacoma; 1998 Subaru Impreza; 2000 Subaru Impreza; Anthony's,

Plaintiff's deceased brother's ashes (sealed in a manilla envelope inside the 2000 Subaru Impreza); Anthony's gold necklace and medallion; Anthony's death certificate and childhood photo album (inside of 2000 Subaru Impreza); Anthony's designer glasses; Plaintiff's tax documents; 2021 Mac Book Pro Air; iPhone 14; Set of rims and tires (inside the 2000 Subaru Impreza); TNT Sales & Service business ledger; Yeezy shoes; and other personal effects belonging to Anthony and Plaintiff.

Defendants direct and proximate unlawful conduct caused Plaintiff, including but not limited to, emotional distress; unlawful detention, embarrassment, humiliation, invasion of privacy, loss of property, and deprivation of property, which is an ongoing violation of Plaintiff's **Fourth**, **Fifth**, and **Fourteenth** Amendment and cleary established rights. Plaintiff filed his Motion to Return Seized Property to the Superior Court of Alaska where Judge Peter R. Ramgren issued an ORDER for the State of Alaska to return Plaintiff's property on September 12, 2024, except what was confiscated by the DOJ.

## (UNLAWFUL DETENTION AND EXCESSIVE FORCE)

Plaintiff realleges all preceding paragraphs and also incorporates the above "**Statement of Claim**" herein.

Defendants Alice Curci and Travis C. Atkinson unlawfully filed State gun and drug charges on May 11, 2023, after they unequivocally knew that Plaintiff's charges were the direct violation of Fourth, Fifth, and Fourteenth **Amendments.** Plaintiff filed a Motion to Suppress on September 29, 2023, due to the unlawful conduct of law enforcement officers and, subsequently, the Defendants filed its own Motion to Dismiss on February 8, 2024.

Defendants Kolin Wallace (K. Wallace – APD/TFO), Randy Adair (APD/TFO), Officer Nussbaumer (PED), Pretrial

Enforcement Division (PEO), Anchorage Police Department/ Task Force Office (APD/TFO), and All Unnamed Officers Who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations detained Plaintiff without probable cause, held at gunpoint, handcuffed him, restrained his liberty despite the absence of any criminal activity and Kevin Sathre, the subject of the arrest warrant, was already in custody. Defendants alleged they wanted to retrieve a GPS location monitoring device, which Brandon Knight was bringing out to them per Hailey Wittner-Dowell's instructions. Defendants deliberately ignored the fact that Dowell refused their entry in her residence and the GPS device was being brought to the door by Knight. The Defendant's use of Excessive Force was unjustified just to retrieve the GPS device, which caused Plaintiff to suffer emotional distress, embarrassment, humiliation, invasion of privacy, and many more constitutional injuries.

## (BIVENS' CLAIMS)

Plaintiff realleges all preceding paragraphs and also incorporates the above "Statement of Claim" herein.

All Federal Defendants: Drug Enforcement Administration (DEA), United States Marshals Fugitive Task Force Office (USM/TFO), Ramon Dojaque-Fernandez, and All Unnamed Officers Who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations, participated in the warrantless entry in Unit #2. Defendants invaded Plaintiffs' privacy and grabbed him at gunpoint, along with Dowell, Knight, and Kaytreana Green and detained them, preventing them the opportunity to exercise their constitutional liberty rights. Defendants handcuffed them and placed them all in a common laundry room area where they were embarrassed and

and humiliated in front of the numerous onlookers. Defendants worked side by side with "State Defendants," State of Alaska, City of Anchorage, Anchorage Police Department / Task Force Office (APD/TFO), Pretrial Enforcement Division (PED), Randy Adair (APD/TFO), Officer Nussbaumer (PED), Kolin Wallace (K. Wallace-APD/TFO), Vulcan Towing, and All Unnamed Officers Who Engaged in the Fourth, Fifth, and Fourteenth Constitutional Amendment Violations, exercising the unlawful use of excessive force, engaging in the unlawful searches and seizures, continued deprivation of property, failing to intervene to prevent the unlawful conduct of other present law enforcement officers and violators of Plaintiff's clearly established rights, whether committed knowingly, recklessly, or negligently, cause Plaintiff to suffer serious constitutional injuries. The deprivation of Plaintiff's property is still an ongoing due process violation.

Defendants Drug Enforcement Administration and Roman Dojaque-Fernandez engaged in the unlawful seizure and forfeiture of $49,906.00 when, in connection with the State of Alaska, they knew the seizure was done without the proper turnover authority. The State of Alaska seized the U.S. Currency and logged it into evidence at the Anchorage Police Department on January 9, 2023. Therefore, Plaintiff's U.S. Currency was in "State Custody" and the asset was illegally converted to Defendants because there was never any "State proceedings" to do so. Defendants Alice Curci, Travis C. Atkinson, and the State of Alaska usurped the conversion process, in conspiracy with the federal Defendants, in order to seize Plaintiff's U.S. Currency amid the Fourth Amendment violation that led to the dismissals of the State gun and drug charges. Superior Court Judge Peter R. Ramgren subsequently ORDERED for "All property seized in this dismissed case, but not seized by the DOJ, shall be released to Defendant or his authorized representive."

Defendants violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights with their conspiratorial conduct.

## (FABRICATION AND WITHHOLDING OF MATERIAL FACTS)

Plaintiff realleges all preceding paragraphs and also incorporates the above "Statement of Claim" herein.

Defendants Kolin Wallace (K. Wallace-APD/TFO), Randy Adair (APD/TFO), and Officer Nussbaumer (PED), knowingly and recklessly withheld material facts from the Magistrate on January 9, 2023, in order to obtain a search warrant for Plaintiff's residence, Unit #2. The Magistrate granted the State search warrant but the Defendants omitted that:

A. The residence had already been forcibly entered.

B. Plaintiff and other occupants had been detained at gunpoint and prevented from leaving the common area laundry room where Defendants and other State and Federal Defendants took them.

C. Searches and Seizures had already occurred.

D. Property had been damaged.

E. Original arrest warrant was executed outside the apartment building for Kevin Sathre who lived at Unit #6.

F. Defendants entered to retrieve a GPS location monitoring device that an occupant, Brandon Knight was in the process of bringing them.

Defendants Alice Curci, Travis C. Atkinson, and the State of Alaska withheld material facts from the grand jury, namely, that the gun and drug charges were the direct result of a Fourth Amendment violation, preventing a lawful conviction. Defendants unlawfully secured an indictment on May 11, 2023, four months after the initial Fourth Amendment violation at Plaintiff's residence. The Defendants conspired to violate Plaintiff's Fourth, Fifth, and Fourteenth Amendments, rights that were clearly established at the time. Charges were ultimately dismissed on

February 8, 2024.

All Defendants, State and Federal, failed to intervene in order to prevent the unlawful conduct of their law enforcement partners. These officers and Defendants condoned the violation of Plaintiff's clearly established rights, the Fourth, Fifth, and Fourteenth Amendments, but chose to look the other way.

## (CIVIL CONSPIRACY)

Plaintiff realleges all preceding paragraphs and also incorporates the above "Statement of Claim" herein.

All Defendants acted in concert and agreement to unlawfully search, seize property and failing to return it via Court Order, and conceal misconduct.

Defendants Alice Curci, Travis C. Atkinson, and the State of Alaska unlawfully participated with the Defendants Drug Enforcement Administration and Ramon Dojaque-Fernandez, to illegally circumvent the "conversion process" in order to seize Plaintiff's U.S. Currency so that it wouldn't be returned due to the Fourth Amendment violation. The same Defendants also conspired to unlawfully indict Plaintiff amid the Fourth Amendment violation, on May 11, 2023, which took almost nine months before the charges were dismissed due to Plaintiff's Motion to Suppress.

Defendants Alice Curci, Travis C. Atkinson, State of Alaska, City of Anchorage, Anchorage Police Department / Task Force Office (APD / TFO), Vulcan Towing, Drug Enforcement Administration (DEA), and Ramon Dojaque-Fernandez conspired to seize and retain Plaintiff's property in violation of his Fourth, Fifth, and Fourteenth Amendments, rights that were clearly established while they were acting under the color of law.

All of the Defendants' overt acts were committed in furtherance of the conspiracy, resulting in constitutional injuries, including but not limited to, unlawful detention, false imprisonment, invasion of privacy, emotional distress, humiliation, deprivation of liberty, original and ongoing deprivation of property, victim of excessive force, and embarrassment.

## (DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS)

Plaintiff realleges all preceding paragraphs and also incorporates the above "Statement of Claim" herein.

Plaintiff's State gun and drug charges were dismissed on February 8, 2024, as a result of the Fourth Amendment violation by State and Federal Defendants. Plaintiff filed his Defendant's Motion to Return Seized Property, which was Granted and an Order issued by Superior Court Judge Peter R. Ramgren on September 12, 2024, for the State of Alaska stating, "All property seized in this dismissed case, but not seized by the DoJ, shall be released to Defendant or his authorized representative." Defendants Alice Curci, Travis C. Atkinson, State of Alaska, City of Anchorage, Drug Enforcement Administration (DEA), Ramon Dojaque-Fernandez, Anchorage Police Department / Task Force Office (APD/TFO) and Vulcan Towing continues in the deprivation of Plaintiff's personal property. This is an ongoing violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments.

Defendant's unlawful conduct has caused Plaintiff severe constitutional injuries, including but not limited to, emotional distress and deprivation of liberty and property.

19.

## (AGAINST MUNICIPALITY OF ANCHORAGE)

Plaintiff realleges all preceding paragraphs and also incorporates the above "**Statement of Claim**" herein.

Defendant City of Anchorage maintained policies, customs, and practices that were the moving force behind the constitutional violations include, but not limited to:

A. Tolerating warrantless searches.

B. Failing to train officers on constitutional limits.

C. Failing to discipline officers for unlawful conduct.

D. Permitting joint task-force operations without proper supervision.

E. Enabling constitutional violations from its officers because the municipality and/or the Insurance Companies always pay a large majority, if not all, any monetary awards or damages that resulted from law enforcement officer's egregious conduct.

F. Failing to return the property to the people **what** law enforcement officers illegally obtained through Fourth, Fifth, and Fourteenth Amendment violations.

G. Failing to force accountability of its officers by **not requiring** every law enforcement officer to have automatic recording body and auto dash cams.

The unconstitutional policies, customs and practices were the moving force that caused Plaintiff to suffer, including but not limited to, emotional distress, false imprisonment, invasion of privacy, unlawful detention, humiliation, embarrassment, deprivation of liberty, and the initial deprivation of some property, and the ongoing deprivation of Plaintiff's personal effects that are priceless and irreplaceable, especially items that belonged to Plaintiff's deceased brother, Anthony De Santis.

## (LEGAL MALPRACTICE)

Plaintiff realleges all preceding paragraphs in connection

with Defendant John Joseph Zelinsky Jr., and incorporates the above "**Statement of Claim**" herein.

The State of Alaska, through its representatives, Defendant Travis C. Atkinson, dismissed Plaintiff's State gun and drug charges on February 8, 2024, upon Fourth Amendment violations. Defendant refused to file any Motions seeking Plaintiff's personal effects from Defendants State of Alaska, Alice Curci, Travis C. Atkinson, City of Anchorage, or the Anchorage Police Department / Task Force Office (APD / TFO), when he knew that they were seized based on an unreasonable search and seizure. Defendant willfully, recklessly, and negligently disregarded his official duties guaranteed under the Sixth Amendment. Defendant had direct access to Plaintiff's discovery documents and should have gained access to inspect the illegally seized items that were in the Anchorage Police Department's custody, which would have contained Plaintiff's TNT Sales & Service business ledger and tax documents. These documents would have revealed that Plaintiff's U.S. Currency derived from legal means and was not associated with drugs in any way.

Plaintiff filed his own Motion to Return the Seized Property in the Superior Court of Alaska and Judge Peter R. Ramgren ORDERED Plaintiff's property to be return to him or his representative on February 8, 2024, to no avail. Plaintiff has been incarcerated and has filed a Writ of Mandamus seeking injunctive relief from the deprivation of his property and due process rights. Defendant's legal duties have not been reasonable and have caused Plaintiff additional constitutional injuries. Defendant could have easily orchestrated the return of Plaintiff's property, and the failure to do so directly caused Plaintiff to endure the ongoing deprivation of his personal property, a direct violation of his Fourth, Fifth, and Fourteenth Amendment rights.

21.

Plaintiff suffered at the hands of Defendant tremendously because the State of Alaska and other Defendants have deliberately deprived him of his deceased brother, Anthony's, ashes and other priceless and irreplaceable items that belonged to him. Plaintiff is still going through a great deal of emotional distress and suicidal thoughts have entered his mind several times. Defendant's performance fell below the minimum legal standard.

## VI. Relief
### (UNREASONABLE SEARCHES and SEIZURES)

1. $100,000 for every month from the original violation, January 9, 2023, until charges dismissed on February 8, 2024, that totals $1,300,000 per Defendant in each capacity selected.
2. Injuctive relief requested that every Defendant be retrained in Constitutional Law, namely Fourth, Fifth and Fourteenth Amendments, with follow up training annually.

### (UNLAWFUL DETENTION AND EXCESSIVE FORCE)

1. Plaintiff incorporates the above mentioned relief herein.

### (BIVENS' CLAIMS)

1. Plaintiff incorporates the above mentioned relief herein.

### (FABRICATION AND WITHHOLDING OF MATERIAL FACTS)

1. Plaintiff incorporates the above mentioned relief herein.

22.

## (CIVIL CONSPIRACY)

1. Plaintiff incorporates the above mentioned relief herein.
2. Plaintiff request each Defendant be Ordered to pay Actual Damages of $46,609.00 plus interest in each capacity selected.

## (DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS)

1. Plaintiff request that each Defendant be Ordered to pay $2,000,000 in each capacity due to priceless items.
2. Plaintiff also request an injuctive relief be applied to return All of his property back to him or his representative.
3. Plaintiff request that each Defendant be retrained on Constitutional Law, namely the Fourth, Fifth, and Fourteenth Amendments.

## (AGAINST MUNICIPALITY OF ANCHORAGE)

1. Plaintiff request the Court to issue punitive damages against the City of Anchorage.
2. Plaintiff also requests that an injuctive relief be applied Ordering the City of Anchorage to retrain its officers on All Constitutional Law.
3. Plaintiff also requests that the City of Anchorage eliminate its current policies, practices, and customs of paying its officers civil claims based on their misconduct. Officers should pay at least half of their judgments which will deter their unlawful conduct.

## (LEGAL MALPRACTICE)

1. Plaintiff request $1,000.00 to cover his legal cost.



Tyler De Santis
PO BOX 3725
FCI Victorville Med #1
Adelanto, CA 92301
United States

CERTIFIED MAIL

9589 0710 5270 0059 5314 91

Office of the Clerk
U.S. District Court
222 W. 7th Ave, Box 4, Room 229
Anchorage, AK 99513

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

DESANTIS

| Certified Mail Fee | |
| --- | --- |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) | $ 5.00 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☑ Adult Signature Required | $ 5.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ | |
| Total Postage and Fees | |
| $ 10.00 | 1/29/26 |

Sent To Office of the Clerk, U.S. District Court
Street and Apt. No., or PO Box No.
222 W. 7th Ave, Box 4, Room 229
City, State, ZIP+4®
Anchorage, AK 99513

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions