**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

TYLER ARTHUR DESANTIS,

                Plaintiff,

        v.

ALICE CURCI, et al.,

                Defendants.

Case No. 3:26-cv-00076-ACP

## <u>STANDING ORDER FOR CIVIL RIGHTS CASES</u>
## <u>FILED BY SELF-REPRESENTED PRISONERS</u>

The Clerk has received filings from self-represented prisoner Tyler Arthur DeSantis that have been docketed and assigned a case number in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Docketed items are the official court record. As required by federal law, the Court will review the filings and issue a Screening Order that will indicate whether this case may proceed in the federal district court. **Please note: It can take anywhere from a few weeks to a few months for the Court to issue a Screening Order, depending on how many cases are filed with the Court at any given time. Typically, cases are reviewed in the order in which they are received by the Court.**

This order is intended to provide general information about civil litigation to self-represented prisoners. It is not a substitute for legal advice from an attorney.

Federal law requires a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[1] The screening laws, 28 U.S.C. §§ 1915, 1915A, provide that a complaint must be dismissed if the action is:

- frivolous or malicious;

- fails to state a claim on which relief may be granted; or

- seeks monetary relief from a defendant who is immune from such relief.

If the Court finds the filing deficient, the Court may provide a statement of the deficiencies and guidance on to how to fix them and give the plaintiff an opportunity to file an amended complaint. However, if the Court finds that the deficiencies cannot be fixed, the Court may dismiss the case without any further notice to the plaintiff, or it may give the plaintiff an opportunity to voluntarily dismiss the case.[2]

Please note, federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[3] Prisoners must pay the $350 filing fee

---

[1] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (providing that the $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915").

[2] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[3] 28 U.S.C. § 1915(a)-(b).

Case No. 3:26-cv-00076-ACP, *DeSantis v. Curci, et al.*
Standing Order for Self-Represented Prisoners
Page 2 of 6
Case 3:26-cv-00076-ACP-MMS    Document 3    Filed 03/16/26    Page 2 of 6

incrementally until paid in full, regardless of the outcome of the action.[4]  Should

Plaintiff proceed with this lawsuit, the Court will issue a separate order to collect

the $350 filing fee from Plaintiff's prisoner trust account.

Additionally, federal law[5] requires that self-represented prisoners receive a

"strike" if the case is dismissed "as frivolous or malicious or for failure to state a

claim upon which relief may be granted."[6] Prisoners who receive three or more

strikes cannot bring any other actions without prepaying the full filing fee unless

the prisoner can demonstrate that, at the time he filed the complaint, he was under

imminent danger of serious physical injury, and that danger is fairly traceable to

the unlawful conduct of the defendants alleged in the complaint and redressable

by the Court.[7]

If the Court finds that plausible claims exist in the complaint, then the case

can proceed to the next stage of litigation. The Court will then issue an Order

Directing Service and Response that will explain the requirements of completing

service of a Court-issued summons and copy of the complaint on each opposing

party. The complaint must not be served on any opposing party until the Court so

orders.

---

[4] 28 U.S.C. § 1915(b)(1)&(2).

[5]  28 U.S.C.A. § 1915(g).

[6]  A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g). *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[7] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:26-cv-00076-ACP, *DeSantis v. Curci, et al.*
Standing Order for Self-Represented Prisoners
Page 3 of 6
Case 3:26-cv-00076-ACP-MMS    Document 3    Filed 03/16/26    Page 3 of 6

Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay the issuance of the Screening Order.

**IT IS THEREFORE ORDERED:**

1. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[8] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

2. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

3. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[9] The Notice shall not include requests for any other relief. A

---

[8] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[9] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-

Case No. 3:26-cv-00076-ACP, *DeSantis v. Curci, et al.*
Standing Order for Self-Represented Prisoners
Page 4 of 6
Case 3:26-cv-00076-ACP-MMS    Document 3    Filed 03/16/26    Page 4 of 6

Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

4.      If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the $350 filing fee and the $55 administrative fee, or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[10]  Failure to comply may result in dismissal of this action.

5.      When the Court receives a filing from a self-represented litigant, the Clerk of Court will mail the litigant a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for the case.

6.      All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

---

represented parties must keep the court and other parties advised of the party's current address and telephone number").

[10]  The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:26-cv-00076-ACP, *DeSantis v. Curci, et al.*
Standing Order for Self-Represented Prisoners
Page 5 of 6

7.     Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[11] In the event of special circumstances or serious financial need, a litigant must ask for the copying costs to be waived or reduced prior to accruing charges.

8.     All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

9.     The Clerk of Court is directed to send the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 16th day of March, 2026, at Anchorage, Alaska.

/s/ Aaron Christian Peterson
UNITED STATES DISTRICT JUDGE

---

[11] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).